CHRISTIAN ACTION PARTY, ET AL., Petitioners, *v.* GENERAL SUPERVISOR OF ELECTIONS AND THE COMMONWEALTH BOARD OF ELECTIONS, Respondents.

No. 523. Submitted November 2, 1960.—Decided November 4, 1960.

**22**

Francisco Ponsa Feliú and Alvaro R. Calderón, Jr., for peti-
tioners.  Hiram R. Cancio, Secretary of Justice, J. B. Fer-
nández Badillo, Attorney General and Arturo Estrella, First
Assistant Attorney General, for respondents.

### JUDGMENT

After having examined the records, and carefully analyzed
the evidence offered and the stipulations made by the parties
and after having studied the legal issues raised in this
proceeding, the Court concludes:

FIRST: That the Christian Action Party registered in
the State Department, for the coming general elections,
candidates by petition in sixty (60) of the eighty-two (82)
election precincts in which Puerto Rico is divided, and that
the arguments adduced by petitioners in support of their
contention that the precinct of San Juan II (Zone 1 and 2)
be computed as part of three-fourths (¾) of the precincts
required by § 14 of the Election Law (16 L.P.R.A. § 20),
for any political party to acquire the status of a party by
petition, are untenable.

SECOND: Hence, that the Christian Action Party,
as a matter of law, is not a "party by petition" since it

did not register in the State Department of Puerto Rico for the coming general elections candidates by petition in and for three-fourths (¾) or more of the elections precincts of the Commonwealth.

THIRD: According to § § 47 and 49 of the Election Law (16 L.P.R.A. §§ 171, 175), only the principal parties and the parties by petition are entitled to appoint an inspector and a secretary to the poll boards of each election precinct, whereby the law does not grant that right of representation to the Christian Action Party.

FOURTH: The sections of the Election Law which provide that there shall be in each polling place of each election precinct a poll board consisting of an inspector and a secretary representing each one of the principal political parties and parties by petition are constitutional from their face as well as in their specific application to the Christian Action Party, and they do not violate the equal protection of the laws. They constitute a reasonable exercise of the ample legislative power to regulate all that which is related to the election process and their purpose is to guarantee the right to vote in an impartial, honest, orderly and speedy manner. Similar legislative provisions or even more restrictive ones have been in force for a long time in our country as well as in many states of the Union and their validity has been sustained against different challenges of unconstitutionality. Examine *Martínez* v. *Insular Board of Elections*, 43 P.R.R. 395 (1932) ; *State* v. *Lewis*, 91 Atl. 993, 996 (Del., 1914) ; *State* v. *Ames*, 278 N.W. 273 (Wis., 1938) ; *Blue* v. *State*, 188 N.E. 583, 590-91 (Ind., 1934) ; *State* v. *Marion Circuit Court*, 72 N.E. 2d 225, 230 (Ind., 1947) ; *State* v. *Wright*, 158 S.W. 823, 826-27 (Mo., 1913) ; *Preisler* v. *Calcaterra*, 243 S.W. 2d 62, 65 (Mo., 1951). Certainly, it cannot be affirmed that the above-mentioned provisions are so manifestly unreasonable as to amount to a denial of the

right of the equal protection of the laws. *Cf. Partido Popular* v. *Gallardo*, 56 P.R.R. 677, 687.

FIFTH: According to § 70 of the Election Law (16 L.P.R.A. § 227), which provides that "*Each political party which has a candidate to be voted for in an election in any precinct may appoint a representative, to be designated a challenger, for each polling place in such precinct, and the said challengers shall have the rights and privileges conferred on them by this subtitle and none other,*" which has been in force since May 12, 1920, and considering the same in the light of other pertinent provisions of the Election Law and of its legislative history, the Christian Action Party has the right to appoint a challenger for each polling place of any precinct in which said party has a candidate for election in said precinct, with all the rights and privileges conferred on him by law.

In view of the foregoing the Court holds that:

(a) With regard to the representation of the Christian Action Party in the poll boards of each election precinct composed of inspectors and secretaries, petitioner's request is hereby denied.

(b) Respondents are hereby ordered to allow the Christian Action Party to appoint a challenger for each polling place in each election precinct in which it has a candidate to be voted for in the coming general elections and to acknowledge all the rights and privileges which the Election Law confers on said challenger.

It was so decreed and ordered by this Court as witness the signature of the Chief Justice who for the reasons stated separately did not take part. Mr. Justice Belaval did not participate either.

ORDER OF THE CHIEF JUSTICE WITH RESPECT
TO HIS NON-PARTICIPATION

I participated in the hearing of this proceeding on Wednesday, November 2, after I was reassured by counsel

for both parties at the commencement thereof, in open court, and at my request, that the decision in this case turned exclusively on the constitutional question raised in petitioner's motion, and that there was no issue here concerning the rights of the Christian Action Party as a political party.

I made my request in view of the fact that in the first paragraph of the petition it was alleged that: "Petitioner, the Christian Action Party, is a political party which according to the law will participate in the coming general elections in Puerto Rico," and also of the fact that in the first paragraph of respondents' answer to the above-mentioned allegation, it was alleged that the Christian Action Party was a political body which did not enjoy the standing of a political party according to the definition of this term in the Election Law and that its participation in the coming general elections was limited. In the said first paragraph of the answer and in order to support the allegation made therein, they cited an Order delivered by me as Chief Justice on October 14, 1960, in an appeal taken by the representative of the Puerto Rican Independence Party in the Commonwealth Board of Elections, pursuant to the proceeding established in § 13(d) of the Election Law to appeal from the decisions of the Commonwealth Board of Elections rendered by the General Supervisor of Elections when there is lack of unanimity among the representatives of the different political parties in the Board, as provided by § 12, paragraph 4 of the above-mentioned law.

In view of the fact that the reasons which serve as a basis for the issuance of the writ of mandamus by the Court rest upon an interpretation of the Election Law which in my opinion is tangent to or could have been in some way prejudged by me in the order of October 14, in the exercise of our appellate jurisdiction in the statutory proceeding to which I have referred, I consider it appropriate not to participate in the final decision of this proceeding.